The next argued case is number 181721 ACISCCJV against the United States. Mr. Pennington. Good morning, Your Honor. I'm Walt Pennington on behalf of Arwand Road and Construction Company. The intervenors ACISCCJV admitted on page 13 of their brief that they have no legal capacity under Delaware law and should not be heard here today. This case is about fairness. The United States entered into over $100 million of construction contracts with companies that had no more than a few million in revenue. They waived the Miller Act bonds, knew that subcontractors like my client Arwand were not paid by the prime contractor, violated their duty to their regulatory duty to require the prime to settle with all the subcontractors, settled with the prime contractor to avoid its liability for known unpaid subcontractors in a no-cost settlement, and have never satisfied the accord because as Arwand admitted on page 13 of its brief, there was no legally competent party to pay. Whatever happened with respect to the damages that the District of Delaware awarded in 2016? They remain unsatisfied. Okay, because this entity doesn't have any ongoing existence or what? There's no ongoing existence, so we have no idea where those, where those assets are and since the companies lacked capacity to receive the the, if there was any payment made, it was an accidental payment where the United States has the right to recover that money. So the duty to pay, the satisfaction still remains. So if that satisfaction still remains, then the basis of my client's claim is that it's entitled to receive that satisfaction now that it stands in the place as the trustee of these defunct companies and as the assignee of all of their rights under the contract. So for those two reasons, that satisfaction is due and should be paid to Arwand. The Court of Federal Claims has jurisdiction. The Court of Federal Claims held that it had no jurisdiction because the claims between the complaint that Arwand filed and the initial claims were the same. However, in looking at Arwand's complaint, all of the claims that arose arose after those initial claims were resolved. And here the court, in its order, made no overlapping comparison. The court just said the claims are the same. But if you look at the claim count one of the Arwand's complaint, it is for satisfaction. So if I'm asking for of how there could not have been a new overlap. This is count one you're talking about. This is count one. The other counts are similar. So the other counts... So count one is premised on the settlement being a valid settlement, right? Correct. And then the other counts are premised on the settlement being an invalid settlement? So the... Is that fair to say? Counts four and five are related to that. So those are related to... Two, right? I would have to check. I believe... Okay. Let's just go with four and five for now. Four and five. So some of them are the related to the United States exercise of its economic power to force this prime to settle to the disadvantage of the subcontractors. I believe count four is reach of its regulatory duty. So under 48 CFR 52.249-2, it requires a prime contractor to settle with its subcontractors. But the relief being sought in those counts is that... Is the invalidation of the settlement agreement, right? Correct. The relief sought is to allow the subcontractors who have not been paid to proceed. So for example... Right. But in order to get there, you have to have a basis to say that the subcontractor is not bound by the settlement agreement, right? I'm sorry. I'm confused on your question. But when you say that you want to proceed, how do you get to being allowed to proceed but for invalidating the settlement agreement? So your honor, if I look at 48 CFR 49.108.6, what that federal regulation provides is that the United States and a prime contractor... I apologize. Let me take a step back. The prime contractor is required to settle with all of its subcontractors before setting... Sending its final settlement proposal to the United States. In the event that the United States... That the prime contractor for whatever reason cannot settle with one or more of its subcontractors, 49.108-6 provides that the United States can then accept that subcontract, settle the remaining claims. So here, those remaining claims remain viable if they have not already been settled because the United States remains liable under that regulation. Right. Count three. Okay. And you're at 2, 4, and 5, right? You're talking about 2, 4, and 5? I mean, 4 and 5 is what you're focusing on right now, right? Yes. So 5 is the economic duress. I believe that 4 is the breach of the... The United States breach of its own regulatory duty. Right. But okay, so you have to have a theory of liability, which is what you're talking about. But then what is the remedy assuming that theory of liability is a viable one? So the theory of the remedy is that the claims that were not settled because the government breached its regulatory duty are still able to proceed. Right. But you're saying they weren't settled, which means to the extent that the settlement agreement on its face purports to cover them, you would have to set the settlement agreement aside, right? Your Honor, respectfully on that point, I would disagree with you because the settlement agreement settles the claims of the prime contractor. And so the prime contractor is required to settle its claims of the subcontractors. If those claims have not been settled, they still remain viable. So here, and this is where 49-108-6 comes in, because here the United States can enter into a settlement with a prime contractor, and those other claims of subcontractors that were not settled remains. And so that's really the position that we're in today. Why doesn't the election doctrine just force you to go back to the board with that kind of a claim? Because it's the same facts. Like when ACI first filed its claim at the board, it was all about trying to get money for partial completion of the contract, among other contracts. And that completion was predicated on the work that the subcontractors did. And so now you're saying, well, you know, your subcontractor claim is still alive, even in the face of that settlement. But that settlement was based, at least in part, on the work that the subcontractors had done. So why wouldn't the election doctrine tell us, okay, to the extent your theory is what you're telling us, that you should be really before the board under the election doctrine? Your Honor, I'd like to respond to your question and save a little bit of my time, because I see I'm at 5.50 remaining. On the election doctrine, there's two parts. So the election doctrine, the Court of Federal Claims made two findings related to that. So one was related to the initial petition that Arwand filed to compel a final decision. No final decision was made on Arwand's claim. On the second issue, which is the one that the government has made, that because those initial claims were filed before the ASBCA, that therefore these claims, on the election doctrine, it has to be on the same set of transactional facts. But here, we really have a different set of transactional facts. And even if that is the case, the claims that Arwand has, let's say, for example, on the satisfaction of the accord, should still be allowed to proceed in the Court of Federal Claims. And then under 41 U.S.C. 71, I think it's 7103, you can have a consolidation of those cases. But here, it's not the same. Is there anything stopping you from pursuing these claims at the board? Well, I think, now I think there would be, there really would be an election doctrine, which is my client has pursued, has... It was dismissed because of the election doctrine. But the election, so at the inception of the case, my client would have had the right to either pursue that case in the ASBCA or in the Court of Federal Claims. Here's another question I have. You are here on behalf of Arwand, right? But you're really here stepping in the shoes of ACI, right? You're the trustee of ACI. And then your counts two through five are seeking all these things. But I don't see how there's an injury in fact as to ACI with respect to all those counts two through five. In counts two through five, you're really trying to get things that benefit Arwand, the subcontractor. So you're the trustee for ACI, but I don't see how any of these counts, what you're claiming and what you're seeking are actually directly benefiting ACI. It's all for benefiting really you yourself, Arwand. So it's this strange scenario to me where it feels like, I mean, pardon the crude analogy, but Arwand's like this creature that has now inhabited this host called ACI. And now you have taken over ACI's brain and it's forcing ACI to do all these things, not really to benefit ACI, but really to benefit you yourself, the foreign organism that's now inhabiting the host. Do you see my question? I do, Your Honor. So I guess what I'm wondering is, why is there something here in counts two and five that you're seeking that actually benefits the party in name, ACI? You're here really to benefit somebody else, which is Arwand. So is there really a case in controversy between ACI and the government? There is, Your Honor. At the same time, I'm looking at my time and I have two minutes. Could I please answer your question? This is important. And I've got another question too, so go. So on that issue, it appears that Arwand is inhabiting this body, is the analogy that you made. But what's happening is Arwand is asserting the rights that ACI should have asserted the whole time. So here, when the government enters into a contract, it could say, we're only going to have one prime contractor and we're not going to allow any subcontractors. And so then it's only these two relationships. But here what the United States does is it says, we're going to enter into a contract with a prime contractor. We're going to allow that prime contractor to enter into subcontracts. We're going to require that the government name all of those subcontractors. We're going to require that the prime settle with all of those subcontractors. So here, had the prime actually fulfilled its duty, settled with all of the subcontractors, there wouldn't be this assertion that Arwand is now trying to get rights that it didn't otherwise have. It would have gotten the rights. I understand Arwand's motivation. What's ACI's motivation? What's the injury to ACI here that you're trying to remedy? Because you're really here standing in the shoes of ACI. Let me piggyback on that. ACI entered into a settlement agreement with the government. And in that settlement agreement, it agreed to convert the termination to a termination for convenience, right? Yes. And where there's a termination for convenience, ACI cannot seek recovery for subcontractors. Isn't that right? That is not correct, Your Honor. Respectfully, I disagree with the court. So in the termination for convenience, the termination for convenience settlement proposal, and this is even on the settlement proposal form, you have to list out the settlement that you've made with every single subcontractor. So the prime contractor in the letter that goes out from the United States to the prime contractor, it says, we're terminating your contractor for convenience. Terminate all your subcontracts with all of your subcontractors. Right. You. You. Right. The prime contractor. Right. So then the United States has told the prime, you must settle. Then from that point, there's a regulatory duty for the prime to settle with each and every one of the subcontractors, and then include that settlement proposal, include the total of those settlements on its final proposal to the government. Here, they're entering into a settlement proposal. I think a few of them were no-cost settlement proposals, but in each of those cases, they did not settle with the subcontractor. But why is that the government's responsibility as opposed to the prime's responsibility? Well, the government also has that regulatory duty to, and in this case, the United States agreed, I believe it's to other contracting parties, which I think is 48 CFR 4103. So it allowed this prime to have other subcontractors. Here in this case, this was attached to the motion for summary judgment, and it's alleged in the complaint, the prime, the subcontractors were slowing work on the project. They told the government that they were not paid. The government told the prime, this is taking up too much of our time in dealing with these subcontractors, because they are contacting us about the payments that they say are due. Prove to us that you have paid that money. No proof was provided. Then the United States said, you've submitted claims, you've submitted invoices, we're withholding those payments until you prove that all of your subcontractors are satisfied. So here, even before these settlements were entered, the United States knew that there were known unpaid subcontractors, and then knowingly entered into a settlement agreement that voided all of those claims of subcontractors. It knew that they were unpaid, but didn't require the prime to settle with them. Let's hear from the other side, and we'll save you some rebuttal. Let's see, Mr. Scavetti, you've divided your time, or have you divided the issues? No, Your Honor, we've divided our time, but not the issues. I'll address all the issues from the government perspective, Your Honor. And may it please the court, the court should affirm the decision of the trial court, because the court correctly concluded that it doesn't have jurisdiction to entertain the appellant's suit. And that's for several reasons. First, the settlement agreement with the prime contractors moots continued litigation on the subjects of that settlement, which are, as Judge Shen pointed out, the costs for partial costs of partial completion on the terminations for default and convenience. How much money was the settlement for? There was settlements of a variety of different... It was all rolled up, I thought, into one number. I don't have that number. Well, was it ever paid to ACI? Indeed, Your Honor. The record reflects, if nothing else, by the dismissals of the ASPCA, that the settlement agreement was satisfied, and then the board dismissed the complaints pursuant to those settlements as they were fully executed. And so any continued... How much was paid? There's nothing in the record to determine exactly, other than the settlement agreement, which is in the record at the supplemental appendix that the government provided in the first, starting with Supplemental Appendix 1 and continuing to Supplemental Appendix 9. That's the settlement agreement, which goes through these contracts, several of which, as has been pointed out, were no-cost terminations for convenience. And then there's a total, here it is, Your Honor, on Supplemental Appendix 6, a total payment of $1.7 and change million that was made to the prime contractors. So you'd agree that if that $1.6 million had never been paid yet, then Arwind, as through that assignment, judicial assignment, would be the one that now would get to collect that $1.6 million? Well, Arwind's argument on... Hypothetical. Is that right, though? Arwind's argument on Count 1 depends on their assertion that the party who received the settlement had no authorization to do so. The problem with that argument for Arwind is that the same infirmity on which they relied to make that point took place before the settlement agreement was entered into in the first place. So if they're correct that this infirmity prevented the ability to receive satisfaction on the part of counsel for these entities, then it also prevented those entities from entering into the contract in the first place. In which case, the only remedy which they haven't seeked at any point would be rescission of that contract or invalidation of that contract, rather than a different party getting to collect on the contract in the first place. Well, that's what I am trying to figure out. I had thought that's what they wanted in Counts 4 and 5, is rescission of the contract. Your Honor, that would make sense, given that they're alleging economic duress, for example. But if you look at the relief requested in Count 5, they say economic duress, therefore pay us 2 point something million dollars, which makes no logical sense, of course. If they're saying that the contract is invalid because economic duress was applied, then the remedy would be to invalidate that contract, not to pay that contract again to a different party. And that's the problem that's consistent throughout Arwind's arguments here. They want to take the benefits of the settlement agreement and say, but just pay a different party than you already paid. So the government's position is the money was paid to JV? Yes, Your Honor. And that money was never paid over to any subcontractors? That's the JV's business with its subcontractors. So as it's clear to the court and the trial court's opinion, there's no privity of contract and never was between the government and any subcontractor, including Arwind. So the remedy, if Arwind was not paid by the prime contractors, is to do what Arwind did, which is to sue the prime contractor in district court and obtain a judgment, which they have done. So they're just out of luck? They're out of luck to the extent they've successfully sued and they have a judgment. If they're unable to collect that judgment, it's a sympathetic position to be in, but it doesn't mean that the government has to again satisfy an agreement that it has already satisfied. They have no rights against the government, which the trial court found. They are in the position of a subcontractor. Now they refer to some regulatory duties, which just, first of all, do not apply. The purpose of that... Just to finish up on count one, even if count one is based on a mistaken premise, their view is the money was never actually paid. And so through this judicial assignment, now they're the party that gets to collect that money from the government. Wouldn't that claim be allowed to go forward? Or at least it shouldn't be dismissed under mootness. I mean, it might be able to very easily prove that, well, in fact, the money was paid. And so the judicial assignment is worth nothing. The substance of count one, as with count five and some other arguments, is that there was no capacity to accept that payment. If that logic holds, again, that invalidates the entire agreement. So what that leaves count one is a claim which was never made, so that could never be analyzed by the trial court, because it's not what R1 presented. But had they, for example, hypothetically presented a claim for rescission of that contract, there would still be no jurisdiction. But what about a claim to enforce the contract? So, I mean, you say the money was paid, but there's nothing in the record to indicate that the money was paid. Right. Again, so the court has correctly identified that now, because of the assignments, R1 alleges that it stands in the shoes of ACI. But the whole argument that they're making is a capacity argument, which, if the court were to credit their argument, would invalidate the settlement agreement altogether and leave the court in a position where the only remedy it could give would be rescission. Unfortunately, although the Court of Federal Claims can, in certain circumstances, order rescission, it doesn't have jurisdiction to give only an equitable remedy, which, of course, rescission is. Now, typically, where you have consider, well, in light of this rescission, can we give money damages? Unfortunately, in this case, because of the election doctrine, the court cannot do that, because if that... I don't understand that. Under count one, we're not, we're talking about a settlement agreement that didn't exist at the time of any proposed, purported election. Right. But if that settlement agreement were to be invalidated, Your Honor, then we would be... But even if it's not, under count one, what they're seeking is, what I read they're seeking under count one, is the possibility of enforcing that settlement. So how is that, how is there an election to not go forward with a settlement that was entered into after the date of the supposed election? Well, I agree, Your Honor. The election would take place, the election doctrine comes into play with regard to count one, only if that settlement agreement is invalidated, because... So you still haven't answered my question. Is there anything in the record to show that the government made any payments at all under that settlement? The, the only evidence in the record that we can point to is the dismissals by the ASPCA. So typically, as I'm sure the Court is aware, a dismissal takes place after a settlement is concluded, which typically is done after payment is made. So a party doesn't usually agree to a voluntary dismissal of its suit unless... I mean, you would think the government would have evidence of any payment, right? This is a big payment. Presumably that would be the case. It's not in front of the Court here. As a reminder, the trial court issued its decision before the government filed anything in this case, so there was no opportunity that the government had at that point to put that in the record. But the record does establish that the settlement was made and that the ASPCA dismissed pursuant to that settlement. Moreover, the other issue with count one, which we've mentioned, is that the whole logic of count one is not that there was no payment ever made. That's not what count one alleges. Count one alleges that there was payment made to the wrong party because that party had no authority under Delaware law to accept satisfaction of the agreement. The problem is, if you take that, if you credit that argument, if the Court were to give the benefit of the doubt to the allegation and the complaint, it would mean that the settlement agreement was invalid, not that the settlement agreement remains valid and the government has to pay again because it's And so that leaves us with the possibility of rescission, which would be barred from jurisdiction in the Court because the result of that would be whatever liability under the contract, which has already been put into the ASPCA by the prior election of the primes. So under any logical outcome of the allegations that are made in the complaint, the case is either moot, precluded under res judicata, or barred by the election doctrine from jurisdiction in the trial court. I almost think I need a letter for you to repeat all of that. I'm happy to repeat it. There's a lot of moving parts, but the issue is, again, you've got mootness from anything that stems from the case because it was settled. If the settlement agreement is invalid, then of course the mootness argument no longer applies, but that's when the election doctrine comes in because as the trial court was clear, Arwad can't sue the government for anything. There's no privity of contract. So it has to be standing in the shoes of the prime saying, under these government contracts, we are entitled to some payment for partial work that we've done. If the settlement agreement is invalidated, then all that's left is a claim by the primes, hey, you need to pay us for this partial work that was done. However, the primes have already elected to pursue those suits in the ASPCA when they filed their contract appeals there in prior years. And so that's why the election doctrine bars it. So whichever way the court reads the allegations in Arwad's complaint, the result is it's barred either by the election doctrine or it's moot or it's precluded. For these reasons, the United States respectfully requests that the court affirm the decision of the trial court. Thank you. We'll wait for Mr. Haraguchi. So who are you representing, Mr. Haraguchi? The intervenors' appellees, ACI-SEC-JV and ACI-SEC-JVL. And how do you have standing to do that when the appellants are standing in the shoes of this entity? What are you? What's left? May it please the court, Your Honor. This is a very interesting question. It is an interesting question. And I do recognize that it's an unusual situation. Even though the JV, and I'll use the JV for brevity reasons to both the parties, are canceled in the Delaware law, it does not mean that they do not have an interest in the case. What's happening here is that Arwad, a subcontractor, is trying to come in and usurp the JV's rights and also to undo what the JV has already done in agreement with the government. So you are not a legal entity that has any legal right to sue or be sued, right? Respectfully, Your Honor, I would disagree with this in the sense that even though it is a entity, the entity can revive at any time. Tomorrow, if the JV wanted to, it could issue a certificate of revival in Delaware. And what that would mean is that any- Well, they're not going to do that because if they revive in Delaware, they're going to have to pay the judgment against them in Delaware. Right? I mean, it's pretty convenient that you want to be here and make an argument to us and say, well, we might revive at some point, but then you tell the Delaware court that you don't have to pay a judgment because you don't exist. Right? Your Honor, for that and for other reasons, no, no, you are on the right track here, Your Honor. I would not advise my client to revive an entity solely to combat some potentially or arguably frivolous lawsuit. But- How is that a frivolous lawsuit for the subcontractors to seek payment from the prime that hired them? Your Honor, I'm really specifically referring to the situation that we're in right now. I don't even understand why you're here defending the government. It doesn't even make any sense. Well, Your Honor, for one, the subcontractor is trying to undo an agreement that the prime had with the government. And we felt compelled to intervene. Right. So by that, did you get paid by the government, all this money? The majority of the money hasn't paid, Your Honor. Has been paid. Hasn't paid. Right. And so you didn't pass any of that money onto your subcontractors. That is incorrect. Some of the money that was pursuant to the settlement agreement assigned to the subcontractors in the settlement agreement were paid. R1 was not part of the settlement agreement. So R1 was a subcontract that you hired and you've paid them nothing? That is also incorrect, Your Honor. They haven't paid something. But that was before the contract was terminated. Correct. Right. So since the termination, the contract, you've paid them nothing. That is correct. And there's a judgment against you in Delaware saying you have to pay them and you haven't paid them anything. That is correct. Right. And so you're here saying, don't go after the government for any of this money because we don't want you to? I don't even understand. This is surreal, really. This is worse than that, you know, the hydra-heated thing, that headed thing that Judge Chen was worried about. This makes absolutely no sense to me. Well, if they have money to pay a lawyer to stand here, then why don't they pay their subcontractors or pay the judgment that's against them in Delaware? Your Honor, I think what's important to understand is that the entity still has some rights. And if R1 were to succeed in this... Why do you care if they go after the government? Is it that if the settlement somehow gets voided, then JV would have to return the money that was paid over by the government? I would disagree with that, Judge Chen. I think what's important to... And I'm just trying to... That's one thing I could understand why you might have an interest. We don't want to have to fork over the money that you collected through the settlement and that you're hiding from your subcontractors. But what other purpose for why you're here trying to defend the settlement? Well, I think you touched on this earlier when you were speaking with Mr. Pennington. And that's this idea about the trusteeship. R1 is here purportedly on behalf of the JV. However, all of R1's actions are contrary to the interest of the JV. Yeah, but you have an attack to the trusteeship and you can't, right? We have not. It is an option for us in Delaware court. So what you're saying here is that you're in a no-lose situation. You can't possibly have any problem here. Even if the settlement gets set aside, you wouldn't have to pay back anything. So you're sitting in the catbird seat. You don't have to pay your judgment. You don't have to worry about paying any money back, but you want to be here just to nicely defend the government? It is not simply just to defend the government, Your Honor. It is also defending the interest of the JV. The trustee is here- But you've told us, you just told Judge Chen, you don't have any interest. You just told him that there's no way you could have to pay this money back, even if the settlement gets set aside. Well, those are some state issues, Your Honor, that I do not think was that issue at the Court of Federal Claims and was not considered in terms of the reasons why Judge Wheeler dismissed the case. The issues that he was really dealing with were- So who is your, as counsel, who is your contract with? Do you mean as counsel, who is my contract with? Right. Who am I actually representing? Yeah. I am representing the JV. But it doesn't exist. It is currently canceled, Your Honor. Right. So you can't enter into a contract with it by law. So who's your contract with? You have to have a contract to be a lawyer. The member who is the former member of the LLC. He is a sole 100% interest owner in the LLC. We represent him and the JV. So you can't represent the JV. So you're here on behalf of an individual who is not a party to this proceeding. Is that what you're telling me? Your Honor, the subcontractor R1 sued ACISCC, ACISCC, JV, LLC. Those were the named parties that R1 cited, and we're here representing them because we do believe that they have- So you're representing an individual who's not a named entity, not a named party to this lawsuit. Right? They have the right to revive- This isn't complicated. This is like first year law school. You're representing an individual who is not a named party to this lawsuit. And you put on your intervener status that you're representing an entity that doesn't exist. Respectfully, Your Honor, we would disagree with that. It's not that the entity doesn't exist. It's just that it's canceled. And again, we could revive the entity. If tomorrow we were to file- Sue and be sued if you're canceled, period. Right? Your Honor, I suppose you may be right there. On this issue of who we are actually representing, Your Honor, if you would like, I can always file and be happy to, a supplemental brief on that issue specifically. I don't think we need it. So what's at stake for your client that doesn't exist? Well, Your Honor, one- What if we let Arwin go forward? What do you lose? What's it to you? It would be one, undoing the work and the agreement that- What's that to you? The client had with the government. Well, certainly there are some reputational issues. If the entity were to ever revive, that is something that they would have to deal with. Okay. I think we can move on. Let's have some rebuttal. Thank you, Your Honor. Thank you, Your Honor. Did you ever think through what is the injury to the canceled entity, ACI and JV, that's identified in counts two through five? What is the injury in fact there to ACI, JV? So the injury is that its interest has to be measured the same as all of its subcontractors. And here, all of the remaining unpaid subcontractors have not been paid. So from the government's perspective, the government was required to protect all of that entity. Well, I'm sorry, you're here as the trustee for ACI, JV. So you're here to represent the interests of ACI, JV, which doesn't exist, doesn't have the capacity to sue or be sued. That's another problem. And why wouldn't one of their interests be not paying anything to their subcontractors? So within the regulations, there's really a unified interest. So from the trustee's perspective, the trustee is to act fairly with all of the parties. So this would be not only the prime, but also with the subcontractors. So here, as a condition of settling the agreement, the prime must settle with all of the subcontractors. So the interest that the prime has, the interest that the trustee has, is to ensure that all of those subs are treated fairly. And that could be one of two methods. But you're not seeking to set aside the settlement. No, Your Honor, I don't believe that we have to under 49.108-6, which for... You're just trying to say we should be allowed to have more money to pass on, separate and apart from our settlement? Well, I think there's, Your Honor, if I could, I believe there's two parts to that. The first part is, is that as the trustee, the trustee's role is to make sure that those subs are paid. And the judgments of the judgment creditor, judgment debtor are paid. Under 49.108-6, the trustee still has the right to assert those claims that have never been resolved. This case, I believe, presents the first one I've found related to the government's defensive use of a canceled corporation. In the case law that I've found up to now, in each of the cases in either the board or the Court of Federal Claims, the United States is saying that corporation,  the company then revives, and then there's an issue about where does the case stand? This is the first one that I've found where it's really been the reverse, where it is the company, the assignee or trustee saying, we have the right to proceed. And the government's saying, no, no, no,  we made a payment and we're still entitled to show that that payment was made to the proper party, even though that entity was canceled. But the payment, we're in litigation. And so this payment, I mean, this is all very strange and these stories just don't harmonize. But it does seem clear there were settlements with the subcontractors. Once this litigation is over, the money will be paid, whether it's paid from the judgment fund or something else. I really do have trouble trying to understand what's left. Well, Your Honor, in this particular case, and I apologize, my time has expired. Yes, please answer that question. In this case, the prime contractor only settled with some subcontractors. But the claims that you're raising now for the first time were not before the Court of Federal Claims, were they? Count three, which is Arwan's claim, was a claim that was filed to the contracting officer. No decision was ever entered. And I believe that that is count three. The other counts would be for, as the trustee, to assert those rights of the other subcontractors who have been unpaid. Okay. I'm not in a sci-fi movie like Judge Chen. I feel like I'm in a Fellini movie. My question for you is, any more questions? Anybody, any more questions? Thank you, Your Honor. All right, thank you. The case is taken into submission, and thanks to all of you. All rise.